# IN THE COURT OF APPEALS OF IOWA

No. 16-1152
Filed April 19, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LUCAS D. LANKFORD,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


　　　　A defendant appeals his sentences.  **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


　　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Lucas Lankford appeals his sentences following his guilty pleas to two counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) and (2) (2015); one count of incest, in violation of Iowa Code section 726.2; and one count of sexual exploitation of a minor, in violation of Iowa Code section 728.12(1). Lankford claims the district court abused its discretion by failing to give proper consideration to factors other than the nature of the offenses.

Following his guilty pleas, Lankford was sentenced to two twenty-five-year terms of imprisonment on the sexual abuse counts, with each carrying a seventy percent mandatory minimum; a five-year term of imprisonment on the incest count; and a ten-year term of imprisonment on the sexual exploitation count, all to run consecutively for a total term of incarceration of sixty-five years with a mandatory minimum of thirty-five years. In pronouncing sentence, the district court stated:

> Mr. Lankford, before I pass sentence, I want to reflect on this a moment. From my perspective, this is one of the most disgusting, repulsive, repugnant, most sickening cases I have ever seen in my life. The very nature of the crime warrants consecutive sentences from this court's perspective, and that's why I'm going to join in the plea agreement. You took advantage of your own daughter, who was a child, and I can only pray for her benefit that the harm and the scars that you have left emotionally and psychologically upon your own daughter heal and that she is able to move forward in her life in a meaningful, loving manner. Unbelievable. To take advantage of such innocence is unexplainable. Furthermore, and lastly, as the County Attorney alluded to, and this court strongly agrees with, people like you cannot be in our community. We need to protect our children from the likes of you. Disgusting. Sickening. It's going to take me a while to get over this case. If ever. And I think about your daughter and your family. I just hope you get some treatment. Get in some programming. Move forward as best

you can with your life. You've got a long stretch ahead of you. Enough said.

Following prompting from counsel regarding the consecutive sentences, the court added:

> Well, I think I did; and I'll reinforce it. And given the repetitive course of conduct here and the exploitation of this minor daughter at such a tender age, this court believes that consecutive sentences are appropriate. Furthermore, it is a part of the plea agreement to which the parties have agreed and have made same a part of this formal record.

When a sentence falls within statutory limits, the sentence is reviewed for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). A sentencing court abuses its discretion when the sentencing decision is based on grounds that are clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. Iowa Code § 901.5 (2001). It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.

*Id.* at 724–25.

The record reflects the district court properly considered the relevant factors in fashioning Lankford's sentences. The district court understandably placed particular emphasis on the nature of Lankford's offenses and how that nature reflected on Lankford's particular characteristics. The court also discussed community safety concerns and Lankford's prospects for treatment and rehabilitation in prison. We see nothing in the record that suggests the

court's decision was based on clearly untenable or unreasonable grounds. In addition, the sentences entered were part of a plea agreement in which Lankford benefitted by avoiding federal prosecution for a related offense. Accordingly, we conclude the district court did not abuse its discretion in sentencing Lankford.

Therefore, we affirm Lankford's sentences.

**AFFIRMED.**